White, J.
 

 delivered the following opinion of the court.
 

 This suit was commenced before a justice who gave judgement for plaintiff. Defendant appealed to the county court, who quashed the warrant, on the ground that the justice had no cognizance of the cause. From this decision, an appeal was taken to the circuit court, where the judgment of the county court was affirmed, from which this appeal was taken. And now the record shows this case-that Shaver complained to a justice, that Catrin’s horses had destroyed his grain within his enclosure, upon which the justice ordered two freeholders to be summoned, who with himself, viewed the fence, determined that it was lawful, and that the damage sustaned was worth $15, to which effect they gave a certicate
 
 ;
 
 that Catrin having failed to pay those damages, Shaver commenced this suit before a single justice.
 

 Here the only question is, whether the circuit court erred, in quashing these proceedings.
 

 These proceedings took place under the provisions of the
 
 *324
 
 act of 1807 chap. 8. On the part of the plaintiff it is said, that statute was well pursued, and therefore the judgment is erroneous.
 

 On behalf of the defendant, it has been argued, that the act of 1807 does not in terms, give jurisdiction to a single justice in any case arising under it, and that therefore, the circuit court did not err. But if jurisdiction had been given in express terms, the statute was not pursued, and therefore the proceedings ought to have been quashed.
 

 Upon recurring to this statute, it will be found, that the first section describes what shall be a lawful fence ; it must be at least five feet high, and as much of it as three feet from the surface of me ground, be so close as to exclude hogs &c. The second section enacts in substance, that upon complaint being made to a justice by
 
 any
 
 person, that the stock of any other person has trespassed upon the land which he has en closed, and cultivated, that the justice shall cause to be summoned two disinterested freeholders, who, with the justice shall go to the premises and ascertain, whether the fence is according to law, and what is the amount of the damages done and give a certificate under their hands and seals ; that the fence is sufficient (if should so find) and also the amount of damages sustained, that the owner of, the stock which committed the trespass, shall make full compensation, which may be recovered before any tribunal having jurisdiction thereof, &c. First, it is said, that the justice has not jurisdiction in this case, because it was founded on a trespass. Upon looking into the different acts of Assembly which define the jurisdiction of justices of the peace, it is found, that in every case the jurisdiction is conterred, is in cases of contract only. There is no act, which, in conferring general jurisdiction, uses such language as will include cases arising upon torts or trespasses ; and that therefore, the justice was not a tribunal, which the legislature intended should take cagnizance of the matter.
 

 We are
 
 of
 
 opinion, that in every case where the injured
 
 party
 
 has gone through the ceremony prescribed in this act, and obtained a certificate ascertaining the sufficiency of his fence, and the amount to which he is entitled, that he shall never receive more than the amount ascertained, and if that amount be a sum, within the cognizance of a single justice, he may sue for, and recover it before one, viewing it in the right of a demand growing
 
 qu
 
 asi
 
 ex contractu
 
 ; and that upon the trial, the certificate is
 
 prima face,
 
 but not conclusive evidence against the defendant ; that the plaintiff’s fence was lawful and that the damage sustained was worth the sum cer
 
 *325
 
 tified ; but the fact that the trespass was committed by the defendant’s stock, must be established by testimony independent of the certificate, as it was not intended the certificate should say any thing upon that point. If the amount certified, is greater than that of which a justice has jurisdiction, it must be sued for in court, and upon trial, the same description of testimony can be used. The main intention of the legislature was, so check strif; and contention in different neighborhoods, and provide a mode by pursuing which, trifling trespasses could be speedily and without much expense to the parties, compensated. A different construction would defeat the obvious intention of the legislature. But it has been said, that the statute has not been pursued—because it does not appear the valuers were fret holders. On inspecting the record, it seems, the justice not only directed those summoned to be freeholders, but himself put down their names; the inference is irresistible, that they were freeholders.
 

 Again, it is said, the certificate does not show how the grain was destroyed, or by whose cattle. It seems to us, that when it is considered, that this certificate is upoa the warrant, which states the destruction by cattle, and the certificate states the destruction without saying by what means, we mast conclude, they intended by the means specified in the warrant, and no other; or they would have said so
 
 ;—
 
 and as before stated, the certificate need not show to
 
 whom
 
 the cattle belonged; Indeed, the legislature neither intended nor expected a certificate, upon that point, because as the owner of the field would generally turn out the cattle before he applied to the justice, neither the justice, nor freeholders could see the cattle, and by their own view ascertain to whom they belonged, when they would arrive; but they could view the fence, and see the damage done, and therefore on these points only are they to certify.
 

 Lastly, it has beed insisted, that the cause was tried before the same justice who viewed the premises, which was wrong.
 

 We do not know how this fact is—the name is the same, which makes it probable, it was the same person. But this objection is removed by showing that another justice actually sat with him, and gave the judgment, and we do not give any opinion, whether the same justice who viewed the premises might, or might not, legally try the cause. It seems to us, that the circuit court erred in quashing these proceedings
 
 ;
 
 that the judgment must be reversed, and the cause be remanded for a trial to the circuit court.